STATE OF WEST VIRGINIA

*In re*: G.C. and D.H.

FILED

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 17-0442 (Harrison County 16-JA-53-1 & 16-JA-54-1)

## MEMORANDUM DECISION

Petitioner Mother S.C., by counsel Terri Tichenor, appeals the Circuit Court of Harrison County's April 10, 2017, order terminating her parental and custodial rights to G.C. and D.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Dreama D. Sinkkanen, filed a response on behalf of the children in support of the circuit court's order. Maternal grandparents, R.M. and G.M., by counsel Allison S. McClure, also filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating her as an abusing parent, denying her motion for an improvement period, and terminating her parental and custodial rights without considering a less-restrictive alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2015, the DHHR received multiple referrals regarding the family at issue in this case. The referrals alleged petitioner used illegal drugs, left the infant children with her parents for extended periods of time with no contact, exposed the children to adult sexual behavior, and caused G.C. to be unable to have necessary surgery due to the grandparents' inability to locate petitioner for her consent for the surgery.

In July of 2016, the DHHR received a referral regarding D.H., who was brought to the emergency room by petitioner, her boyfriend, and the maternal grandmother. The DHHR filed a petition alleging abuse and neglect of the two children by petitioner and her boyfriend. The petition alleged multiple injuries to D.H. including: bruising around his face, jawline and neck;

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

swelling to his face, neck, and ears; swelling and severe bruising to his penis; a circular bruise on his upper right thigh; bruising to his inner and upper thighs; petechial bruising covering his face; bruising inside both ears; bruising to his outer left ear, chest, and shins; swelling to his eyes; lethargy; frequent cough; and a contusion on his temple. The petition further alleged that the petitioner's and her boyfriend's explanations for the child's injuries were that he fell off a swing on the playground and that a hair wrapped around his penis. Later in July of 2016, the circuit court held a preliminary hearing, which petitioner did not attend.

In September of 2016 and October of 2016, the circuit court held adjudicatory hearings, wherein petitioner testified that she did not injure D.H. and did not have any knowledge of anyone else injuring him. Petitioner also testified that some of the child's injuries might have been due to tickling, crying, and holding his breath. Three medical experts who treated D.H. at the hospital testified that the child's injuries were the result of multiple acts of non-accidental trauma, including strangulation, which occurred close in time to his arrival to the hospital. The circuit court found that petitioner's testimony and statements regarding the causes for the child's injuries were inconsistent with all medical evidence, and that based upon the evidence of petitioner and her boyfriend, they were the only possible perpetrators of the abuse to the child. The circuit court adjudicated petitioner as an abusing parent.

The circuit court held a dispositional hearing in February of 2017 wherein petitioner moved for a post-adjudicatory improvement period. The DHHR and guardian moved for the circuit court to terminate petitioner's parental and custodial rights. The circuit court took judicial notice of evidence presented at the adjudicatory hearing and took additional evidence from a DHHR caseworker who testified that petitioner did not comply with services during the pendency of the case. The circuit court found that petitioner failed to identify the perpetrator of abuse to D.H., and that even if petitioner was not the perpetrator, she was presented with sufficient facts to recognize her child had been abused, yet she failed to acknowledge such abuse. Further, the circuit court found that petitioner failed to prove that she was entitled to a post-adjudicatory improvement period and denied her motion for such. Finally, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect within the near future and terminated her parental and custodial rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether

---

[2]Petitioner's parental and custodial rights to both children were terminated below. According to the DHHR and the guardian, the status of G.C.'s father's parental rights is unknown at this time. The status of D.H.'s father's parental rights is also unknown at this time. However, the mother's boyfriend, B.F.'s custodial rights to the children were terminated in the April 10, 2017, order. According to the guardian and the DHHR, the children are placed with the maternal grandparents and the permanency plan is adoption in that home.

such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner lists three assignments of error in her brief. However, she does not differentiate between these assignments of error and fails to argue or adequately brief the issues on appeal. "[I]ssues . . . mentioned only in passing but . . . not supported with pertinent authority, are not considered on appeal." *State v. Kaufman*, 227 W.Va. 537, 555, 711 S.E.2d 607, 625 (2011) (quoting *State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621(1996)). "Judges are not like pigs, hunting for truffles buried in briefs." *State Dep't of Health v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Further, petitioner's only citation to authority is to one statute, in regards to a less-restrictive dispositional alternative, as follows:

"Petitioner does not believe that the Court was correct in terminating her parental rights to the children, particularly in light of their placement and intended permanency with her own mother, such that a less restrictive alternative was available under West Virginia Code § 49-4-604(b)(5)."

This constitutes the only authority in the entirety of petitioner's brief. Not only is this citation insufficient to support petitioner's argument regarding termination, but this statute is wholly irrelevant to her other assignments of error. Petitioner also fails to cite to the record to support any of her arguments.[3]

These failures are in direct contradiction of this Court's Rules of Appellate Procedure and specific directions issued by administrative order. Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

[t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, *and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal[.]* The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

---

[3]Petitioner's footnote citation on page five of her brief to "appendix CD, State's Discovery III file" is a vague and inadequate citation to the record.

(emphasis added). Rule 10(j) of the West Virginia Rules of Appellate Procedure further states that "[t]he failure to file a brief in accordance with this rule may result in the Supreme Court refusing to consider the case[.]" Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, then-Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs that set forth rambling assignments of error that are essentially statements of facts with a conclusion that the lower tribunal was 'clearly wrong'" are not in compliance with this Court's rules. Here, petitioner's brief is inadequate, as it relates to all three assignments of error because it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 10, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 23, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker